SINGH v LAND S.E.A. CORPORATION

1. LABOR RELATIONS—FAIR LABOR STANDARDS ACT—OVERTIME PAY—
EXEMPTIONS—FEDERAL REGULATIONS.

An employee alleged to be employed in a bona fide administrative
capacity must meet each of the criteria set out in the Code of
Federal Regulations, including the requirement that the em-
ployee be compensated on a salary or fee basis, in order to be
exempt from the provisions of the Fair Labor Standards Act
regarding overtime pay (29 USCA 213; 29 CFR, Labor, § 541.2).

2. LABOR RELATIONS—FAIR LABOR STANDARDS ACT—OVERTIME PAY—
LIQUIDATED DAMAGES—GOOD FAITH—BURDEN OF PROOF.

An employer has the burden of proving good faith and reasonable
grounds to believe he was not violating the Fair Labor Stan-
dards Act to avoid paying liquidated damages for a violation of
the act; therefore, where the record is devoid of any evidence
sufficient to enable the employer to sustain its burden of proof,
employees who were entitled to overtime pay under the act
were also entitled to liquidated damages as a result of their
employer's failure to pay them for the overtime work (29 USCA
260).

3. LABOR RELATIONS—FAIR LABOR STANDARDS ACT—LIQUIDATED DAM-
AGES.

The Federal statute providing for liquidated damages for viola-
tions of the Fair Labor Standards Act is not penal in nature (29
USCA 260).

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted Division 1 January 17, 1974, at Detroit.
(Docket No. 15247.) Decided April 26, 1974.

Complaint by Hardit Singh and Labib Dadoush

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 48 Am Jur 2d, Labor and Labor Relations §§ 1542, 1548–1571,
1602.

[3] 48 Am Jur 2d, Labor and Labor Relations §§ 1705, 1706, 1708.

against Land S.E.A. Corporation to recover overtime pay under the Fair Labor Standards Act of 1938. Judgment for plaintiff Dadoush without liquidated damages, and judgment of no cause of action against plaintiff Singh. Plaintiffs appeal by leave granted. Reversed with instructions.

*McGlynn, Dettmer & Spaulding,* for plaintiffs.

*Wenger, Vande Vrede, Lavigne & Powers, P. C.,* for defendant.

*Amicus Curiae: William J. Kilberg,* Solicitor of Labor, and *Sylvia S. Ellison* and *Robert B. Kayes,* Attorneys, United States Department of Labor.

Before: V. J. BRENNAN, P. J., and BASHARA and CARLAND,* JJ.

V. J. BRENNAN, P. J. Plaintiffs were granted leave to appeal from an order of the Wayne County Circuit Court which affirmed a Common Pleas Court judgment for plaintiff Labib Dadoush without liquidated damages, and against plaintiff Hardit Singh in an action to recover overtime pay under the Fair Labor Standards Act of 1938, 29 USCA 201–219. Both plaintiffs appeal; the United States Secretary of Labor was granted leave to file an amicus curiae brief on behalf of plaintiffs.

Plaintiffs commenced the present action in Common Pleas Court May 19, 1971, to recover overtime pay pursuant to the terms of the act. Singh claimed $856.40 plus liquidated damages for overtime worked for defendant between July and No-

---

* Former *circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.*

vember of 1970. Dadoush claimed $181.07 overtime and liquidated damages for overtime worked between June of 1969 and September of 1970.

Following trial, the Common Pleas judge entered judgment in favor of Dadoush in the amount of $181.07, without findings as to liquidated damages. The Common Pleas judge entered a judgment of no cause of action against Singh, finding that he was exempt from the provisions of the act pursuant to § 213(a)(1) because he was employed in a "bona fide" administrative capacity. On appeal to the Wayne County Circuit Court, the circuit court judge agreed with the Common Pleas Court, rendering an opinion July 5, 1972, and entering an order affirming the lower court on July 27, 1972.

In the present case, plaintiff Singh challenges the trial court's finding that he was exempt from the provisions of the act and both plaintiffs challenge the trial court's failure to award liquidated damages for defendant's alleged noncompliance with the act.

Defendant corporation is a drafting firm, engaged principally in the preparation of land development plats. Plaintiff Singh was employed by defendant as a draftsman and office supervisor between July and November of 1970 when he quit the firm. Plaintiff Dadoush was also a draftsman for the firm, claiming overtime pay for the period between June, 1969 and September, 1970. At the time of trial, Dadoush was still employed by defendant.

A reading of the trial transcript, the Common Pleas Court judge's opinion, and the statement of facts in the parties' briefs convinces us that there was sufficient evidence to sustain the trial court's finding that plaintiff Singh was employed in a management capacity. The pertinent testimony

was summarized by the judge of the Common Pleas Court as follows:

"The court believes that as a finding of fact, that Hardit Singh was an employee engaged in an administrative capacity and, as such, the provisions of the act do not apply to him. The evidence indicates that he was hired in July, 1970 as a supervisor of the drafting room; that he was allowed to take time off (unpaid) at his discretion for union and educational purposes; that he received a wage almost double that of the usual draftsman at that shop; that he assigned and corrected work of subordinate employees; that he was hired in such capacity to exempt him from union restrictions against procuring a job as an ordinary draftsman while on strike from another plant; that he had the power to fire employees and exercised that power on, at least, one occasion; that he made recommendations as to hiring or salary increases of other employees; that he stated, he was supervisor or manager on different occasions; that other employees considered him as their supervisor * * * ."

By motion for new trial, plaintiff Singh contended for the first time that, in spite of the evidence and the trial court's findings of fact, he could not, as a matter of law, be considered to have been employed in an administrative capacity because the evidence did not show all of the conditions necessitated by Federal regulation precedent to a finding of administrative capacity. Specifically, plaintiff contended that in order for an employee to be "employed in a bona fide administrative capacity", it must be found that the employee was compensated on a salary or fee basis. 29 CFR, Labor, § 541.2. The evidence showed that plaintiff was compensated on an hourly basis.

The Common Pleas Court judge rejected Singh's contention, saying in a brief order denying motion for new trial:

"Court disagrees with plaintiff that 'salary or fees' is a *sine qua non'* in the determination of the status of an administration *[sic]* employee."

On appeal, the circuit court agreed with the trial court, saying:

"I think that in any case you have to look at the totality of the relationship between the parties and determine whether or not one element, while technically it may look as though it should be determinative of the issue, whether or not it is actually determinative of the issue. In this case I am satisfied with the finding of the trial court that this element is not *sine qua non* of the decision in this case. There is evidence that he did, on his own, take off time when he wanted to for these various [educational and union] purposes which, again, is indicative of the fact that he was a supervisor in an executive capacity, and further it's indicative of the fact that the hourly times kept was solely and merely for the convenience of the employer to determine that he was on the job a sufficient time to receive the higher salary or the higher earnings that he was getting."

In holding that compensation on a salary basis was not *sine qua non* to a finding that an employee was exempt from the act because employed in a bona fide administrative capacity, the lower courts erred.

There is substantial Federal authority on point, holding that in order to be exempt from the provisions of the act, an employee *must* meet each of the criteria set out in administrative regulations, including the requirement that the employee be compensated on a salary or fee basis.

Section 13 of the Fair Labor Standards Act provides certain exemptions. The first exemption applies to "any employee employed in a bona fide

executive, administrative, or professional capacity
* * * ". 29 USCA 213.

Section 13 of the act also delegates to the administrator of the wage and hour division power to promulgate rules and regulations defining and delimiting the above exemption. Pursuant to such authority, the administrator has defined, *inter alia,* "administrative employee" as follows:

"The term 'employee employed in a bona fide * * * administrative * * * capacity' in section 13(a)(1) of the act shall mean any employee:

"(a) Whose primary duty consists of either:

"(1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, or

"(2) The performance of functions in the administration of a school system, * * * ; and

"(b) Who customarily and regularly exercises discretion and independent judgment; and

"(c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity * * * , or

"(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

"(3) Who executes under only general supervision special assignments and tasks; and

"(d) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section; and

"(e)(1) Who is compensated for his services on a salary or fee basis * * * , or

"(2) Who, in the case of academic administrative personnel, is compensated for his services as required by paragraph (e)(1) of this section, or on a salary basis

which is at least equal to the entrance salary for teachers in the school system, educational establishment, or institution by which he is employed:

"*Provided,* That an employee who is compensated on a salary or fee basis at a rate of not less than $200 per week * * * , exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance of work described in paragraph (a) of this section, which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all of the requirements of this section." 29 CFR, Labor, § 541.2 (1973 ed).

The evidence in this case demonstrates that although plaintiff Singh's average weekly compensation was $235, exceeding the limitation of the present regulation, plaintiff was paid on an hourly basis and was not salaried. Defendant contends that it kept track of plaintiff's hours in order to see that his higher-than-usual salary was justified. In spite of that, it remains undisputed in the testimony that plaintiff was paid on an hourly basis and that he was not salaried.

The administrator's regulations and interpretations make clear that payment on a salaried basis is required for an "administrative capacity" exemption. See 29 CFR, Labor, §§ 541.117, 541.118, 541.212 (1973 ed).

In addition, a number of Federal cases have held that payment on a salary basis is absolutely required. Perhaps the best discussion of the salary requirement is contained in *Craig v Far West Engineering Co,* 265 F2d 251, 259–260 (CA 9, 1959):

"Although at first blush it does not seem to this Court to be logical, other courts have determined that to qualify as an exempted employee the worker must be paid on a 'salary basis.' [Citations omitted.]

* * *

"However, we agree with the other circuits that this particular regulation pertaining to 'salary basis' compensation must be taken to mean precisely what it says, and that it is a reasonable exercise of authority delegated to the Administrator. * * * The report and recommendations of the presiding officer who conducted hearings on proposed amendments to the regulations in 1940 indicates that the employers participating in the hearing were nearly unanimous in approving the salary test because 'a salary qualification in the definition of the term "executive" is a valuable and easily applied index to the "bona fide" character of the employment for which exemption is claimed and which must be of a "bona fide" executive character by the terms of the statute itself.' Furthermore, the report expressly points out that employees on an hourly basis cannot be considered in an executive capacity, and explains why. In the section of the report on professional personnel, it is stated that 'the same basic reasons which make the use of a salary test desirable in connection with the definition of "executive" and "administrative" are applicable here. The salary paid the employee is the best single test of the employer's good faith in characterizing the employment.' "

*Craig* also held that:

"The regulations of the Administrator are worded in the conjunctive, therefore, this failure to comply with one of the standards provided [salary] is dispositive of the question, and it is unnecessary to consider the other requirements."

Numerous Federal cases are in accord with *Craig,* holding that an exempt administrative employee must be paid a salary, that the salary requirement is a reasonable and proper administrative requirement, and that all elements of the administrative definition must be met in order to justify an exemption. See, for example, *Wirtz v*

*Mississippi Publishers Corp,* 364 F2d 603 (CA 5, 1966); *Walling v Morris,* 155 F2d 832 (CA 6, 1946); *Walling v Yeakley,* 140 F2d 830 (CA 10, 1944).

As to the question of whether plaintiffs are entitled to liquidated damages, we must look to the record to determine whether any evidence or testimony was present that would show that the employer acted in good faith.

It is not the intent of the act that the employee show that the employer's violation of the act was in bad faith in order to justify liquidated damages. On the contrary, § 11 of the Portal to Portal Act of 1947, 29 USCA 260, in clear language, provides that the employer has the burden of proving good faith and reasonable grounds to believe he was not violating the Fair Labor Standards Act. *Walling v General Industries Co,* 330 US 545, 552; 67 S Ct 883, 886; 91 L Ed 1088, 1092 (1947).

The record here is devoid of any evidence sufficient to enable the defendant to sustain its burden of proof to show that its failure to pay overtime compensation "was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act". Section 11, Portal to Portal Act, *supra.*

We also point out that the United States Supreme Court has clearly stated that the act's liquidated damages provision is not penal in its nature. And it appears that the trial court here felt that to impose liquidated damages would be imposing a penalty. The Court addresses itself to this problem in *Brooklyn Savings Bank v O'Neil,* 324 US 697, 707–708; 65 S Ct 895, 902; 89 L Ed 1296, 1309 (1945):

"We have previously held that the liquidated damage provision is not penal in its nature but constitutes

compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. *Overnight Motor Co v Missel,* 316 US 572 [62 S Ct 1216; 86 L Ed 1682 (1942)]. It constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being. Employees receiving less than the statutory minimum are not likely to have sufficient resources to maintain their well-being and efficiency until such sums are paid at a future date. The same policy which forbids waiver of the statutory minimum as necessary to the free flow of commerce requires that reparations to restore damage done by such failure to pay on time must be made to accomplish Congressional purposes."

We therefore reverse the trial court and order entry of judgment for plaintiff Singh in the amount of $856.40 plus $856.40 in liquidated damages and also entry of judgment for Dadoush in the amount of $181.07 plus $181.07 in liquidated damages. Costs to plaintiffs.

All concurred.